IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CR-45-BO-RJ-1
No. 5:24-CV-589-BO

| | | |
|---|---|---|
| ERIC O'NEAL, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 170]. Respondent has filed a motion to dismiss the § 2255 motion. [DE 174]. Petitioner has failed to respond to the motion to dismiss and the time for doing so has expired. In this posture, the matters are ripe for disposition. For the reasons that follow, the § 2255 motion is dismissed.

## BACKGROUND

Petitioner, O'Neal, is currently serving a sentence of 293 months' imprisonment following his plea of guilty to one count of conspiracy to distribute and possession with intent to distribute 400 grams or more of fentanyl and fifty grams of methamphetamine and one count of possession with intent to distribute fifty grams or more of methamphetamine and forty grams or more of fentanyl and aiding and abetting. [DE 101]. O'Neal was sentenced on December 8, 2022. *Id.* O'Neal noticed a direct appeal of his sentence and his sentence was affirmed. [DE 160].

O'Neal filed the instant motion pursuant to 28 U.S.C. § 2255 on October 15, 2024. He alleges two grounds for relief: first, that his trial attorney rendered ineffective assistance of counsel and the district court violated O'Neal's equal protection rights; second, that his trial attorney

rendered ineffective assistance of counsel by failing to object to an unwarranted sentencing disparity between O'Neal and his co-defendants. O'Neal seeks vacatur of his sentence and resentencing. [DE 170].

Respondent, the government, filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. O'Neal was notified of his right to respond to the motion to dismiss [DE 176], and he has failed to do so.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If it is determined that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). The "goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first instance." *United States v. Hadden*, 475 F.3d 652, 665 (4th Cir. 2007) (internal quotation and emphasis omitted) (quoting *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir.1996)).

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further

2

investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

At the outset, O'Neal is not required to pay a filing fee in order to file a motion to vacate, set aside, or correct sentence, and his motion to proceed without prepayment of fees [DE 165] is denied as moot.

First, to the extent O'Neal raises a direct claim that his equal protection or due process rights were violated during his sentencing hearing, *see* [DE 170-1 at 2], he has procedurally defaulted on these claims because he could have raised them on direct review but did not. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To overcome a procedural default, a petitioner must show "cause for the default and prejudice from the violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Alternatively, a petitioner can show that he is "actually innocent." *Bousley*, 523 U.S. at 622 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. O'Neal has not alleged any facts that would permit him to overcome his procedural default, nor has he responded to the government's motion to explain why procedural default should be excused in this case.

Pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner claiming ineffective assistance of counsel must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation and citation omitted). A court's "scrutiny of counsel's performance must be

3

highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). A petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As such, a petitioner's claims can only succeed if he satisfies a two-prong test: that his counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different. 466 U.S. at 687. A court may resolve an ineffective assistance claim without examining both the performance and the prejudice prongs "if the defendant makes an insufficient showing on one." 466 U.S. at 697; *see also Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013).

O'Neal has not demonstrated deficient performance on the part of his counsel. O'Neal contends that the Court's observation that thirty kilograms of fentanyl could have caused an untold number of deaths was impermissible hyperbole or hypothetical and that counsel was ineffective for failing to object. O'Neal argues that the Court's hypotheticals during his sentencing hearing were violations of his due process rights, and that trial counsel should have objected in order to preserve the issue for appeal. Contrary to O'Neal's assertion, the Court's observation and comments during sentencing did not run afoul of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3553(a), or 18 U.S.C. § 3661. Counsel's performance was therefore not deficient in failing to object. O'Neal also argues that counsel was deficient for not raising the disparity between his and his co-defendant's sentences. But O'Neal was sentenced before his co-defendants, and thus

4

his counsel could not have been deficient in failing to make an argument regarding any disparity between their sentences.

Finally, O'Neal has not demonstrated any prejudice. When the ineffective assistance claim relates to a sentencing issue, petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694). A thorough sentencing hearing was conducted and the sentence imposed reflects O'Neal's history and characteristics, the nature and circumstances of the offense, and the need to provide just punishment and adequate deterrence. O'Neal has made no persuasive argument that he would have received a more lenient sentence had his counsel raised any of the objections identified in the § 2255 motion. This ineffective assistance of counsel claim is properly dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 174] is GRANTED. Petitioner's 28 U.S.C. § 2255 motion [DE 170] is DISMISSED. Petitioner's motion to proceed without prepayment of fees [DE 165] is DENIED AS MOOT. A certificate of

5

appealability is DENIED. The clerk is DIRECTED to enter judgment on the § 2255 motion and close the associated civil case.

SO ORDERED, this __8__ day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:22-cr-00045-BO-RJ   Document 180   Filed 04/09/25   Page 6 of 6